IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| FLOORS & MORE, INC., | ) | |
| | ) | CASE NO. BK06-81735-TJM |
| Debtor(s). | ) | A07-8057-TLS |
| RICHARD D. MYERS, Chapter 7 Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | CH. 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| WALSH CONSTRUCTION COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

<u>ORDER</u>

Hearing was held in Omaha, Nebraska, on October 9, 2007, on Walsh Construction Company's motion for jury trial (Fil. #7) and motion for withdrawal of the reference (Fil. #8), and objection by the trustee (Fil. #12). Alan Pedersen appeared for the trustee, and Terry Grennan appeared for the defendant.

The motion for a jury trial is granted, and a Report and Recommendation will be sent to the district court recommending the motion for withdrawal of the reference be granted.

The debtor was an Omaha, Nebraska, company that provided flooring materials and installation. When the United States government let bids for work on a barracks project at Fort Riley, Kansas, the defendant Walsh Construction Company was awarded the contract. Walsh subcontracted certain flooring work to the debtor in October 2005. The debtor subcontracted with Hank's Specialities, Inc., to purchase materials and labor for the job. The debtor filed its Chapter 7 bankruptcy petition in October 2006. Presently, the debtor owes money to Hank's Specialities, and the Chapter 7 trustee believes Walsh owes money to the debtor. The trustee filed this lawsuit to collect the amount due from Walsh, alleging a breach of contract. In response, Walsh answered and filed a demand for a jury trial. In the meantime, Hank's Specialities sued Walsh to recover on a payment bond. That lawsuit is pending in federal district court in Kansas.

The parties have submitted evidence and briefs in support of their respective positions.

In federal court, a party's right to a jury trial must derive from one of three sources: federal statute; state law (either constitution or statute); or the Seventh Amendment to the U.S. Constitution. *Moratzka v. Wencl (In re Wencl)*, 71 B.R. 879, 882 (Bankr. D. Minn. 1987). A party is entitled to a jury trial under the Seventh Amendment if the underlying lawsuit is a traditional action at law, as

contrasted to equity, and the party demanding the jury trial has not actively participated in the bankruptcy proceeding. *K Lazy K Ranch, Inc. v. Farm Credit Bank of Omaha (In re K Lazy K Ranch, Inc.)*, 117 B.R. 521, 523 ( Bankr. D.S.D. 1990) (citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989)).

Walsh has not filed a claim in the bankruptcy case, *Granfinanciera,* 492 U.S. at 59 n.14 (1989) (by submitting a claim, a creditor subjects itself to the equitable jurisdiction of the bankruptcy court) (citing *Katchen v. Landy*, 382 U.S. 323 (1966)), or asserted a counterclaim in this adversary proceeding. *Control Ctr., L.L.C. v. Lauer*, 288 B.R. 269, 280-82 (M.D. Fla. 2002) (collecting cases and finding that an "overwhelming majority" of courts have ruled that parties who file counterclaims subject themselves to the bankruptcy court's equitable powers).

When determining whether the Seventh Amendment grants the right to a jury trial on a particular cause of action, the court first compares the action "to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." Then, the court examines "the remedy sought and determine whether it is legal or equitable in nature." *Granfinanciera*, 492 U.S. at 42) (citing *Tull v. United States*, 481 U.S. 412, 417-418 (1987)). The second stage of this analysis is more important than the first. *Id.*

Here, the recovery sought by the trustee is purely monetary. The breach of contract claim is a legal question, *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479 (1962), for which the creditor has the right to a jury trial. Likewise, an action to recover a debt is triable by jury at common law. *United States v. Higginbotham, Inc.*, 722 F. Supp. 283, 284 (N.D. Miss. 1989).

The trustee points to a term of the contract in which the debtor explicitly waived its right to request a jury trial and argues that by the same language Walsh implicitly waived its right to a jury trial. The provision is found in Article 11, entitled Dispute Resolution:

> 11.1  Law and Effect. This Agreement shall be governed by the law of the state in which the Project is situated. [Floors & More] hereby agrees to accept jurisdiction of and service of process in the state in which the Project is situated and any action or proceeding under or in connection with this Subcontract shall be brought in the county in which the Project is situated. In the event of any dispute involving this Agreement or [Floors & More's] Work performed or to be performed, or any claims of [Floors & More], [Floors & More] shall continue to perform [its] Work without interruption, deficiency or delay in a diligent manner. Further, [Floors & More] hereby waives its right to a trial by jury in any and all disputes or claims arising out of or in relation to this Agreement. [Floors & More] agrees to make these conditions a part of each contract for materials, supplies, labor or equipment entered into by [Floors & More] in regard to the Work.

Ex. A to Subcontract Agreement, at 8 (Fil. #11).

"Although the right of trial by jury in civil actions is protected by the Seventh Amendment to the Constitution, that right, like other constitutional rights, may be waived by prior written agreement of the parties." *RDO Fin. Servs. Co. v. Powell*, 191 F. Supp. 2d 811, 813 (N.D. Tex.

2002). Kansas courts have determined that parties may contractually waive the right to trial by jury, and such waiver agreements are not per se illegal or a violation of public policy. *Boyd v. U.S. Bank Nat'l Ass'n*, No. 06-2115-KGS, 2007 WL 2822518, at *17 (D. Kan. Sept. 26, 2007 (citing *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837 (10th Cir. 1988)). The relevant inquiry is whether the waiver was "knowing and voluntary." *Boyd* at *17 (citing *Bevill Co. v. Sprint/United Mgmt. Co.*, No. 01-2524-CM, 2006 WL 921006 at *1 (D. Kan. Oct. 11, 2006)). In that analysis, the courts look at: (1) whether the clause containing the waiver was conspicuous; (2) whether there was a gross disparity in bargaining power between the parties; (3) the business or professional experience of the party opposing the waiver; and (4) whether the party opposing the waiver had an opportunity to negotiate contract terms. *Boyd* at *18; *F.D.I.C. v. Ottawa Univ.*, 906 F. Supp. 601, 602 (D. Kan. 1995).

In this case, the waiver language is included on the last page of the terms and conditions to the contract. It is in the dispute resolution section, and is no more or less conspicuous than any other term or condition. The contract was executed by officers of Walsh and Floors & More; there is no evidence that either is unfamiliar with the manner in which the construction contracting business operates. The contract appears to have been prepared by Walsh, with terms favorable to it, but there is no evidence of a significant – much less "gross" – disparity in bargaining power or of the debtor's inability to negotiate terms.

"Ordinarily, when the language of a contract is clear and unambiguous, courts must give effect to the expressed intent of the parties and enforce the contract as written." *Rettie v. Unified Sch. Dist. 475*, 167 P.3d 810, 813 (Kan. Ct. App. 2007); *Estate of Draper v. Bank of Am., N.A.*, 164 P.3d 827, 831 (Kan. Ct. App. 2007). I am not persuaded by the trustee's argument that Walsh implicitly waived its right to a jury trial by not explicitly retaining that right. The contract spells out the rights of each party, and I am not convinced, in light of the language favoring Walsh, that the absence of language regarding Walsh's right to a jury trial means it was waived. Given that the contract terms appear to have been carefully drafted and specifically address a number of other rights of the parties, including Walsh's right to determine whether disputes should be arbitrated, the lack of contractual provisions regarding Walsh's jury trial rights would more logically mean that Walsh reserved that right to itself rather than impliedly waiving it. I therefore find that under the plain language of the parties' agreement, Walsh did not waive its right to a jury trial, nor should it be estopped from exercising that right.

Having determined that Walsh is entitled to a jury trial on the trustee's causes of action, the question then becomes whether this bankruptcy court has the jurisdiction to try the case.

Bankruptcy courts have exclusive jurisdiction over all cases under title 11, and original but not exclusive jurisdiction over all core proceedings arising under title 11 or arising in or related to a case under title 11. 28 U.S.C. § 157(b)(1) and § 1334(a). "Core proceedings" are those which arise only in bankruptcy or involve a right created by federal bankruptcy law. *Specialty Mills, Inc. v. Citizens State Bank*, 51 F.3d 770, 773 (8th Cir. 1995). A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. 28 U.S.C. § 157(c)(1). If the parties consent, the bankruptcy judge may enter judgment in the case. 28 U.S.C. § 157(c)(2). If the parties do not consent to the bankruptcy court's exercise of jurisdiction over non-core matters, then the bankruptcy judge prepares proposed findings of fact and conclusions of law

for the district court. 28 U.S.C. § 157(c)(1). The test for whether a civil proceeding is related to a case under title 11 is whether the outcome of the proceeding could conceivably have any effect on the bankruptcy estate. *Dogpatch Prop., Inc. v. Dogpatch U.S.A., Inc. (In re Dogpatch, U.S.A., Inc.)*, 810 F.2d 782, 786 (8th Cir. 1987). In other words, if the outcome of the civil proceeding could alter the debtor's rights, liabilities, options, or freedom of action and in any way impacts upon the handling and administration of the bankruptcy estate, the action is related. *Id.*

The trustee here argues that his cause of action is a core proceeding under 28 U.S.C. § 157(b)(2)(E) as a turnover proceeding, or alternatively under § 157(b)(2)(A) and (O) as generally concerning estate administration and the liquidation of assets. The trustee is attempting to collect a pre-petition debt owed to the debtor. That debt appears to be disputed. This is a simple action to recover money owed to the debtor and to fix liability for an alleged breach of contract. It would have no place in the bankruptcy court aside from the debtor's bankruptcy petition. It therefore is only a related matter. Walsh has made clear that it does not consent to trial by the bankruptcy judge.[1] Accordingly, the motion for jury trial will be granted and a recommendation made that the district court grant the motion for withdrawal of the reference.

Walsh argues that this litigation should be transferred to Kansas because a related case is on file in the federal district court there. That issue will be for the district court in Nebraska to decide, and will be a part of the report and recommendation sent to the district court here asking it to withdraw the reference of this matter from the bankruptcy court.

IT IS ORDERED: Walsh Construction Company's motion for jury trial (Fil. #7) is granted. A report and recommendation asking that Walsh's motion for withdrawal of the reference (Fil. #8) be granted will be filed with the district court.

DATED:     November 8, 2007

BY THE COURT:

/s/ Thomas L. Saladino
United States Bankruptcy Judge

---

[1] In this district, a bankruptcy judge is authorized to conduct a jury trial with the express consent of the parties:

> **Jury Trials**. If the right to a jury trial applies in a proceeding that a bankruptcy judge may hear, the district judges hereby specifically designate the bankruptcy judges to exercise the jurisdiction to conduct jury trials in bankruptcy cases and adversary proceedings with the express consent of all of the parties to the particular contested matter or adversary proceeding.

NEGenR 1.5(d).

Notice given by the Court to:
    Alan Pedersen
    *Terry Grennan
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.